UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>  Plaintiff,<br><br>v.<br><br>LUIS OTONIEL RODRIGUEZ-REYNA<br><br>  Defendant. | 2:10-cr-0126-KJD-RJJ<br><br>**REPORT & RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**<br><br>Defendant's Motion to Dismiss Based on a Prior Unlawful Deportation (#18) |

This matter comes before the undesigned Magistrate Judge on Defendant's Motion to Dismiss Based on a Prior Unlawful Deportation (#18). The Court also considered the Government's Response (#19) and the Defendant's Reply (#20).

**BACKGROUND**

Defendant, Rodriguez-Reyna, was indicted on March 17, 2010 for violating 8 U.S.C. § 1326 unlawful reentry by a deported alien. He pled "not guilty" at his arraignment.

Rodriguez obtained legal permanent resident status on September 31, 1998. He was convicted of conspiracy to commit robbery and robbery in violation of NRS §§ 199.480 and 200.380 on February 18, 2004. He was sentenced to between 12 and 36 months for the conspiracy count and between 24 and 84 months for the robbery count, to be served concurrently. He was then removed on December 22, 2006, pursuant to a Removal Order. In February 2007, Rodriguez-Reyna entered the United States unlawfully, and was removed again on September 4, 2008 after Immigration and Customs Enforcement reinstated the first order. Rodriguez-Reyna re-entered the United States yet again in April 2009. He was found in the United States on March 2, 2010, when he was arrested for Possession of Methamphetamine, and this proceeding followed.

1  In his Motion to Dismiss Based on a Prior Unlawful Deportation (#18), Rodriguez-Reyna collaterally challenges his original removal order because the Notice to Appear issued December 11, 2006, named the incorrect section of 8 U.S.C. § 1101(a)(43). Due to this error, Rodriguez-Reyna claims that his removal order should have been terminated. He also claims the Immigration Judge erred by not informing him of the error and his reasonable eligibility for relief from removal that resulted from that error. Rodriguez-Reyna also alleges that the Immigration Judge improperly analyzed his state convictions and that they do not qualify as aggravated felonies. As a result, Rodriguez-Reyna requests that this action be dismissed.

In response, the Government argues that the mislabeling did not prejudice Rodriguez-Reyna and that his crimes still qualify as aggravated felonies under § 1101(a)(43)(F) as crimes of violence. The Government argues that this is a distinction without a difference and that the outcome would have been the same even if the correct provision had been cited. Furthermore, the Government argues that because Rodriguez-Reyna was convicted of an aggravated felony, he is ineligible for any relief from removal. As a result, the Government maintains that the Immigration Judge did not err by failing to advise Rodriguez-Reyna of possible relief because there was none.

In his Reply (#20), Rodriguez-Reyna argues that the mislabeling substantially affected him because otherwise, he would not be subject to removal. He also argues that § 1101(a)(43)(G) is not applicable to his case, that the Government cannot now replace subsection (G) with subsection (F), and that a general charge that he committed an aggravated felony is improper. Rodriguez-Reyna also asserts that no relief from removal is required in his case because there was no valid basis for his removal proceeding. Therefore, he does not need to argue any specific form of relief besides the termination of his removal proceeding. Rodriguez-Reyna points out that the prejudice he suffered was that he was stripped of his lawful permanent resident status due to the sustaining of an improper charge of removability against him. Because of the alleged mistakes Rodriguez-Reyna believes that his removal proceeding was invalid, should have been terminated, and that this current action against him should be dismissed.

. . . .

**DISCUSSION**

8 U.S.C. § 1326(d) limits collateral attacks on deportation orders issued pursuant to 8 U.S.C. § 1326. Section 1326(d) reads:

> In a criminal proceeding under this section, an alien may not challenge the validity of the deportation order described in subsection (a)(1) of this section or subsection (b) of this section unless the alien demonstrates that--
>
> **(1)** the alien exhausted any administrative remedies that may have been available to seek relief against the order;
>
> **(2)** the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and
>
> **(3)** the entry of the order was fundamentally unfair.

**I. The Validity of the Removal Order**

A removal order is fundamentally unfair when the deportation proceeding violated the alien's due process rights and the alien suffered prejudice as a result. *United States v. Arias-Ordonez*, 597 F.3d 972, 976 (9th Cir. 2010). To demonstrate prejudice, an alien need only show that he had plausible grounds for relief. *United States v. Lopez-Velasquez*, 568 F.3d 1139, 1145 (9th Cir. 2009).

Here, Rodriguez-Reyna, asserts that his removal order was invalid because the prior convictions charged in the Notice to Appear do not categorically constitute aggravated felonies. The Notice to Appear states:

> On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:
>
> Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been convicted of an aggravated felony as defined in section 101(a)(43)(G) of the Act, a law relating to Burglary.

Notice to Appear at 3, Attached as Ex. A to Plaintiff's Motion (#18). Section 237(a)(2)(A)(iii) is codified as 8 U.S.C. § 1227(a)(2)(A)(iii) and 101(a)(43)(G) is codified as 8 U.S.C. § 1101(a)(43)(G).

An aggravated felony is defined by 8 U.S.C. § 1101(a)(43)(G) as "a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [is] at least one year." Rodriguez-Reyna argues that the crimes he was charged with, conspiracy to

3

1  commit robbery and robbery do not constitute an offense related to burglary and therefore, the
2  removal proceeding was unfair.
3        Both parties agree that conspiracy does not qualify as an aggravated felony under 8
4  U.S.C. § 1101(a)(43)(G).  Def. Motion (#18) at 7; Govt. Response (#19) at 4.  Rodriguez-Reyna
5  contends that robbery also does not constitute a burglary offense because it does not include
6  unlawful entry in a building or structure with the intent to commit a crime.  The Government
7  concedes that robbery does not constitute an aggravated felony under § 1101(a)(43)(G), and
8  instead argues that the error is harmless and that robbery constitutes a crime of violence under
9  § 1101(a)(43)(F).  Rodriguez-Reyna ignores the first half of § 1101(a)(43)(G), theft. The
10 Government's concession is a misstep.[1]
11       In determining whether a state conviction constitutes an aggravated felony under 8 U.S.C.
12 § 1101(a)(43), the court employs a categorical approach.  *Taylor v. United States*, 495 U.S. 575
13 (1990).  The issue is not whether the actual conduct constituted an aggravated felony, but
14 whether the full range of conduct encompassed by the state statute constitutes an aggravated
15 felony.  *United States v. Castillo-Rivera*, 244 F. 3d 1020, 1022 (9th Cir. 2001).
16       The Ninth Circuit defined the meaning of "theft" in § 1101(a)(43)(G) as "a taking of
17 property or an exercise of control over property without consent with the criminal intent to
18 deprive the owner of rights and benefits of ownership, even if such deprivation is less than total
19 or permanent."  *United States v. Corona-Sanchez*, 291 F.3d 1201, 1205 (9th Cir. 2002) (en banc).
20 This is the same definition adopted by the Fifth and Tenth Circuits.  *Hernandez-Mancilla v.*
21 *Immigration and Naturalization Service*, 246 F.3d 1002, 1009 (7th Cir.2001); *United States v.*
22 *Vasquez-Flores*, 265 F.3d 1122, 1125 (10th Cir.2001).
23       Nevada Revised Statutes § 200.380 defines robbery:

> 1. Robbery is the unlawful taking of personal property from the person of another, or in the person's presence, against his or her will, by means of force or violence or fear of injury, immediate or future, to his or her person or property, or the person or property of a member of his or her family, or of anyone in his or her company at the time of the robbery. A taking is by means of force or fear if force

---

[1] Perhaps the Government only meant to agree that Robbery is not Burglary.

or fear is used to:

(a) Obtain or retain possession of the property;

(b) Prevent or overcome resistance to the taking; or

(c) Facilitate escape.

The degree of force used is immaterial if it is used to compel acquiescence to the taking of or escaping with the property. A taking constitutes robbery whenever it appears that, although the taking was fully completed without the knowledge of the person from whom taken, such knowledge was prevented by the use of force or fear.

Comparing the definition of "robbery" in NRS § 200.380 with the definition of "theft" given by the Ninth Circuit yields the conclusion that robbery constitutes an aggravated felony. Theft is composed of: (1) a taking of property or an exercise of control over property, (2) without consent, (3) and with intent to deprive the owner of rights and benefits of ownership. *Corona-Sanchez*, 291 F.3d at 1205. Robbery consists of: (1) taking of personal property, (2) by means of force or violence or fear of injury, (3) when such means are used to obtain or retain possession of the property. NRS 200.380. The parallels are clear. Both involve a taking of property, without consent, and with the intent to deprive the lawful owner of possession. A forceful taking is surely one without consent. Robbery is a type of theft that includes the use of force. The full range of conduct contemplated in NRS § 200.380 constitutes an aggravated offense under both §§ 1101(a)(43)(G) and 1101(a)(43)(F) because robbery is a theft that includes violence or the threat of violence. Furthermore, Rodriguez-Reyna was sentenced to at least 24 months in state prison. Judgment at 7-8 Attached to Govt. Response (#19). This means that in Rodriquez-Reyna's specific case, he was guilty of a theft, and was sentenced to a term of imprisonment greater than one year, fitting the definition of § 1101(a)(43)(G).

The fact that the Notice to Appear contains the clause "a law relating to Burglary" after designating § 1101(a)(43)(G) as defining the aggravated felony is of no consequence. First, it is an accurate statement because § 1101(a)(43)(G) is a law relating to burglary. Though the subsequent clause does not include the word "theft," the referenced statute is clear. In fact, it consists of only one, short clause clearly stating a "theft offense ... **or** a burglary offense." 8 U.S.C. § 1101(a)(43)(G) (emphasis added). There was no error, Rodriquez-Reyna was not

5

1  denied due process, nor was he prejudiced by the lack of the word "theft" in the clause following
2  the designation of the proper statute.  The removal order was valid.
3  **II.  Available Relief**
4        Where the record, fairly reviewed by an Immigration Judge, raises a reasonable
5  possibility that the petitioner may be eligible for relief, the Immigration Judge must inform the
6  alien of this possibility and give him the opportunity to develop the issue.  *United States v. Muro-*
7  *Inclan*, 249 F.3d 1180, 1183 (9th Cir. 2001) (*quoting Moran Enriquez v. Immigration and*
8  *Naturalization Service*, 884 F.2d 420, 423 (9th Cir. 1989).  Therefore, if there was a reasonable
9  possibility that Rodriguez-Reyna may have been eligible for relief, then he must be informed of
10 that eligibility by the Immigration Judge.
11       Here, there are no reasonable grounds for relief from removal for Rodriguez-Reyna.  He
12 is not eligible for relief under 8 U.S.C. § 1182(h) because "[n]o waiver shall be granted under
13 this subsection in the case of an alien who has previously been admitted to the United States as
14 an alien lawfully admitted for permanent residence if ... since the date of such admission the alien
15 has been convicted of an aggravated felony."  8 U.S.C. § 1182(h)(2).  Rodgriguez-Reyna became
16 a lawful permanent resident on September 31, 1998, and was later convicted of an aggravated
17 felony on February 18, 2004.  Def. Motion (#18) at 2.  Therefore he is not eligible for relief if he
18 could show that his removal "would result in extreme hardship to the United States citizen or
19 lawfully resident spouse, parent, son, or daughter of such alien."  8 U.S.C. § 1182(h)(2).
20 Rodriguez-Reyna's aggravated felony conviction does not allow him to be eligible for asylum.  8
21 U.S.C. § 1158(b)(2)(B)(I).  Rodriguez-Reyna's aggravated felony conviction also makes him
22 ineligible for cancellation of removal.  8 U.S.C. § 1229b(a)(3).
23       The only relief that Rodriguez-Reyna claims he may have been eligible for is termination
24 of the removal proceedings "[i]f the single charge presented against him was not valid."  Def.
25 Motion (#18) at 11.  Because the charge against him was valid, Rodriguez-Reyna is not
26 reasonably eligible for any form of relief.  His due process rights were not violated when the
27 Immigration Judge did not advise him of any eligibility for relief, nor did he suffer any prejudice
28 as a result.

## RECOMMENDATION

Based on the foregoing and good cause appearing therefore,

IT IS THE RECOMMENDATION of the undersigned Magistrate Judge that the Defendant's Motion To Dismiss Based on a Prior Unlawful Deportation (#18) be **DENIED**.

## NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 30th day of September, 2010.

_____
ROBERT J. JOHNSTON
United States Magistrate Judge